THE CALIFORNIA LUNCH, INC. v. THE SIXTY-
SIX CORPORATION

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 74419

Memorandum filed March 22, 1946.

*Shipman* and *Goodwin,* of Hartford, for the Plaintiff.

*Solomon Elsner* and *Aaron Nassau,* of Hartford, for the Defendant.

DALY, J. On July 28, 1925, Eli H. Pakulski, Joseph H. Wiegel, Barney Toretsky and Maurice S. Jainchill were the owners of a parcel of land known as Nos. 64-80 Asylum Street in the town of Hartford, and thereafter Eli H. Pakulski became the owner of an undivided one-half interest therein and Barney Toretsky and Joseph H. Wiegel became the owners of the remaining undivided one-half interest. On January 31, 1931, Pakulski, Toretsky and Wiegel conveyed to William M. Joseph and Louis Waxman a part of said land, and the deed of conveyance contained the following:

"The grantors reserve the privilege at any time after March 31, 1932, of furnishing the grantees with an easement of way and access in lieu of one marked 'Present Gangway' on the aforesaid map, but before any such change is made the grantors shall at their own expense, provide another easement of way and access on an elevation or level not lower than the present sidewalk in front of the premises conveyed and of a height or clearance at all points not lower than seven (7) feet from the floor thereof, which easement of way and access shall be in either of the following locations:

"(a) An easement of way and access in common with the grantors, running from the north line of Asylum Street northerly to the south line of the wall located close to the rear line of the land of the grantors adjoining the land conveyed on the east, the west line of said easement to be coincident with the east line of the premises conveyed and the east line of said easement to be five (5) feet distant therefrom and parallel therewith; provided that in the absence of a wall at the above described northerly end of said easement, then said easement shall extend northerly to the north line of said other land of the grantors.

"(b)   Or an easement of way and access in common with the grantors, five (5) feet in width, running northerly from Asylum Street and situated and lying on any part of the land now belonging to the grantors adjacent to the easterly side of the land herein conveyed, and connected with an easement of way and access in common with the grantors, six (6) feet in width, and running from the land conveyed easterly, the north line of said six (6) foot right of way to be located in a line distant ninety-nine and five one-hundredths (99.05) feet from the north line of Asylum Street, measured at right angles thereto.

"And it is further mutually agreed by and betweent the grantors and the grantees that all of the covenants, agreements, conditions and undertakings herein contained shall extend to and be binding upon and inure to the benefit of the heirs, assigns, executors and administrators of the respective parties hereto, and shall be construed as covenants running with the land."

The plaintiff is the successor in title to William M. Joseph and Louis Waxman.

On April 3, 1931, Joseph H. Wiegel and Barney Toretsky conveyed to The Hartford-Connecticut Trust Company their title to the remaining portion of the premises and on June 2, 1931, Eli H. Pakulski conveyed to The Paro Realty and Mortgage Company his title to the remaining portion of the premises. In each of these deeds it was stated that the title to the premises was conveyed "together with and subject to such easements, agreements, covenants and stipulations as are particularly" described or set forth in the deed from Eli H. Pakulski, Barney Toretsky and Joseph H. Wiegel to William M. Joseph and Louis Waxman.

On June 14, 1932, The Hartford-Connecticut Trust Company and The Paro Realty and Mortgage Company conveyed said premises to Esther Pratt Gaylord et al.

By deed recorded October 27, 1933, Esther Pratt Gaylord et al. conveyed the premises to Society for Savings.   Thereafter, on October 7, 1936, Society for Savings conveyed a portion of said premises to The Seventy-four Corporation, "subject to certain rights of way, party wall rights and easements and all rights, privileges and incidents thereto, so far as the premises

herein conveyed are concerned, as are set forth and described in a certain warrentee deed from Eli H. Pakulski et al to William M. Joseph et al. dated January 31, 1931, and recorded in the land records of said Town of Hartford in Volume 673 at page 623."

On September 28, 1944, Society for Savings conveyed to Moses J. Neiditz the remainder of the premisees conveyed to it by Esther Pratt Gaylord et al., "together with and subject to such gangway rights and party wall rights and other easements, agreements, covenants and stipulations as appear of record."

The defendant, The Sixty-six Corporation, is the successor in title of Moses J. Neiditz, and it claims the right to exercise the privilege of relocating the present gangway now being used by the plaintiff and to extend an easement of way and access in lieu of the existing gangway appurtenant to the premises. The plaintiff claims that the defendant has no right to exercise the privilege and to substitute a new right of way for the one which now exists and is appurtenant to the premises of the plaintiff. The plaintiff seeks a declaratory judgment. Counsel for the parties filed briefs and by their briefs they aided the court considerably.

The defendant has a right to substitute a new right of way for the one which is appurtenant to the plaintiff's premises and which the plaintiff is now enjoying. The privilege which the defendant seeks to exercise constitutes a covenant running with the land which is now owned by the defendant.

No costs shall be taxed.